**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| WALTER MOORE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-08-1923 |
| § | |
| ATTORNEY GENERAL MICHAEL B. § | |
| MUKASEY, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

**I.     Background**

The plaintiff, Walter Moore, filed a *pro se* complaint against the United States Attorney General. Moore alleges that in February 1997, he was "kidnapped, drugged, and placed in a medically induced coma. Respondent, attempted to alter his thought process, and erase his memory, to conceal the truth." (Docket Entry No. 1, at 2-3). Moore alleges a "massive Government conspiracy Cover-up, Unlawful seizures, and subjecting, or causing petitioner to be subjected to Medical procedure without 'informed consent' for illicit reasons." *Id*. Moore alleges that he entered the United States in February 1990 and "after a while" hired "an attorney to apply for adjustment of status." (*Id*. at 3). He asserts that when he was six years old, "Federal Agents, High Government officials, and executive from Chrysler Corporation," killed his father on a trip from the United States to the Caribbean, via Bermuda, over drugs and money, and kidnapped him and his siblings. Moore alleges that

he was a captive for six years, until his mother was able to find him. Moore alleges that in February 2007, after he wrote a letter to the then-Attorney General setting out some of these allegations, deportation proceedings were commenced against him. (Docket Entry No. 1, at 11-12).

Moore asks the court for "an Order preventing the Attorney General and the immigration Judge from engaging in one of the most egregious act that could be ever conceive by the human mind." (*Id*. at 12-13). Moore seeks injunctive and other relief under provisions of the Immigration and Naturalization Act, including 8 U.S.C. §§ 1011, 1435, and 1488. In an "amendment" to his complaint, Moore names as an additional defendant All Taxi Management and refers to a worker's compensation hearing. No other details are provided.

The respondent has moved to dismiss for lack of jurisdiction under Rule 12(b)(1) and failure to state a claim on which relief can be granted under Rule 12(b)(6). (Docket Entry No. 7). Moore filed a response stating that he had not filed an immigration case, although immigration matters were "a byproduct of the underlying cause of action." (Docket Entry No. 9, at 5). He also clarified that based on the "Personal injuries which resulted from the deprivation of Protected Rights" caused by the respondent, he seeks $57,000 for each year starting "in the year the initial injury occurred" and consequential damages as well as damages for pain and suffering. (*Id.*)

**II.     Analysis**

    **A.     Subject-Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir.1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981).

To the extent Moore seeks an injunction against removal proceedings, or seeks to impose liability for the government's decision to initiate removal proceedings against him, this court lacks subject-matter jurisdiction under 8 U.S.C. § 1252(g). This section states:

> Except as provided in [section 1252] and notwithstanding any other provision of law (statutory or non-statutory), including [28 U .S.C. § 2241] or any other habeas corpus provision, and [28 U.S.C. §§ 1361 and 1651], no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

In *Reno v. Am.-Arab Anti-Discrimination Comm.* ("*AADC*"), 525 U.S. 471 (1999), the Supreme Court held that Section 1252(g) acts as a jurisdictional bar to a suit seeking to enjoin removal proceedings because of selective prosecution. *Id.* at 472-76, 487. *See also Ali v. Mukasey,* 524 F.3d 145, 150 (2d Cir.2008) (holding that section 1252(g) applied to a claim that DHS had improperly exercised its discretion in bringing removal proceedings against various aliens); *El Badrawi v. Department of Homeland Sec*., 2008 WL 4397657, at *13 (D. Conn. Sep. 22, 2008) (holding that to the extent plaintiff asserted an abuse of process claim seeking to impose liability for the fact that he was placed in immigration proceedings, section 1252(g) was a jurisdictional bar).

### B.    Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). The court liberally construes Moore's complaint with the deference due a *pro se* litigant's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).

Even liberally construed, Moore's complaint fails to state a claim. The complaint, as amended and supplemented by the subsequent pleadings Moore filed, raises claims of deprivation of civil rights that are factually frivolous. In *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992), the Supreme Court recognized that a court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the

factual contentions are "clearly baseless.'" The latter category encompasses claims that describe "fantastic or delusional" scenarios or "rise to the level of the irrational or the wholly incredible." *Id.* at 33. To the extent Moore seeks damages and injunctive relief unrelated to his immigration status, Moore's claims fall into that category. Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Twombly,* 127 S.Ct. at 1968-69.

When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted); *see also Great Plains Trust Co.*, 313 F.3d at 329; *Jacquez v. R.K. Procunier*, 801 F.2d 789, 792 (5th Cir. 1996).

The motion to dismiss is granted. Moore may amend no later than **November 14,**

**2008**.

### III.  Conclusion

The motion to dismiss is granted.  Moore must file any amendment to attempt to cure the pleading problems no later than **November 14, 2008**.

SIGNED on October 9, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge